IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEO ROLAND TURNER,<br>AILENE TURNER, and,<br>LAWRENCE MILBOURNE, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>VOYA RETIREMENT AND ANNUITY<br>AND INSURANCE COMPANY,<br>ERIKA GONZALEZ MARTINEZ, and<br>PAT GRAHAM-CASEY, as Administratrix<br>of the Estate of Lawrence Edmund Milbourn,<br><br>Defendants. | § § § § § § § § § § § § § § § § § §   Case No. 3:19-cv-00001 |

## NOTICE OF REMOVAL

Defendant/Counter-Plaintiff Voya Retirement Insurance and Annuity Company, f/k/a ING Life Insurance and Annuity Company ("VRIAC") files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441(a), (c), and 1446 and would show the Court as follows:

### I.   COMMENCEMENT AND SERVICE

1. This matter is an ancillary action filed in connection with a probate proceeding initiated in El Paso Probate Court No. 1, El Paso County, Texas, styled *In the Estate of Lawrence Milbourn, Deceased*, Case No. 2014-CPR00668 (the "Probate Action"). That case was initiated on March 7, 2014.

2. On September 18, 2014, Leo Roland Turner, Ailene Turn and Lawrence Milbourn, Jr. ("Plaintiffs") filed an "Original Petition for Declaratory Judgment Declaring the Ownership of the Decedent's ING Retirements Accounts" in the Probate Action (attached as Exhibit 1). As alleged therein, Plaintiffs sought a declaration concerning the disposition of

certain funds payable under annuities issued by VRIAC, and named VRIAC, Pat Graham-Casey (as administratrix of the estate of the decedent, Lawrence Milbourn, Sr.), and Erika Gonzalez Martinez as respondents ("Defendants"). This matter was assigned a new case number: 2014-CPR00668-A.

3. Martinez appeared and filed an Answer to Plaintiffs' Original Petition on October 17, 2014 (attached as Exhibit 4).

4. VRIAC appeared and filed an Answer to Plaintiff's Original Petition on October 27, 2014 attached as Exhibit 5). In the same pleading, VRIAC also asserted a Counterclaim and Cross-Claim in Interpleader against Plaintiffs, Martinez and Graham-Casey. As set forth therein, VRIAC tendered the disputed annuity death benefits to the court and sought discharge from the Probate Action.

5. Graham-Casey and Martinez filed their respective answers to VRIAC's interpleader claims on November 10, 2014 (Exhibit 6) and February 2, 2015 (Exhibit 9).

6. Plaintiffs filed a "First Amended Petition for Declaratory Judgment Declaring the Ownership of the Decedent's VRIAC Retirement Accounts" on September 25, 2018 (attached as Exhibit 11). This pleading superseded and replaced Plaintiffs' Original Petition by operation of law. TEX. R. CIV. P. 46, 64, 65. The First Amended Petition included a single claim for declaratory relief against VRIAC, Martinez and Graham-Casey.

7. On December 12, 2018, Plaintiffs filed an "Original Petition Against Voya Retirement Insurance and Annuity Company, f/k/a ING Life Insurance and Annuity Company for Breach of Contract and Negligent Misrepresentation" (the "Second Amended Petition," attached as Exhibit 13). Although this pleading included "Original Petition" in the title, it was the third pleading filed by Plaintiffs in the Probate Action in which it asserted claims against

VRIAC. This Second Amended Petition superseded and replaced Plaintiffs' First Amended Petition by operation of law. TEX. R. CIV. P. 46, 64, 65.

8. Importantly, the Second Amended Petition included entirely new and distinct allegations and claims. Plaintiffs do not assert any claims against Martinez or Graham-Casey, nor do they assert any claims for declaratory relief. Instead, Plaintiffs assert claims for (a) breach of contract, (b) negligent misrepresentation, and (c) rescission against VRIAC. *See* Second Amended Petition, at 3-5. Plaintiffs served VRIAC with a citation and a copy of the Second Amended Petition on December 18, 2018. *See* Service of Process Transmittal (attached as Exhibit 8).

9. As set forth in more detail below, the claims and allegations in the Second Amended Petition demonstrate that this matter is removable. Plaintiffs allege that the annuities at issue are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Second Amended Petition, ¶¶ 14, 17-23. Plaintiffs seek a legal determination that the annuities fall within the scope of ERISA's statutory scheme, and argue that ERISA provides a basis to rescind the annuities. *Id*.

10. The Second Amended Petition is the first pleading in which Plaintiffs asserted claims and set forth factual allegations that implicate federal statutes. This Notice of Removal is timely filed within thirty days of the receipt of process of a copy of the initial pleading, from which it was ascertained that the case is one which is removable, pursuant to 28 U.S.C. § 1446(b).

11. VRIAC is entitled to remove the entire matter styled as Case No. 2014-CPR00668-A to this Court pursuant to 28 U.S.C. § 1331 because this action is a civil action involving a federal question.

12. Removal of this matter to this Court is also proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this Court's district and division embraces the pending Probate Action in El Paso County, Texas.

## II.  FEDERAL QUESTION JURISDICTION

13. Plaintiffs' lawsuit is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974.

14. ERISA provides for federal jurisdiction where one or all of a plaintiff's claims against a defendant arise under and are within the scope of 29 U.S.C. § 1132(a), the civil enforcement provision of ERISA.  Congress intended for such claims brought in state court to be completely preempted by federal law and tried in federal court, and the United States Supreme Court has ruled that ERISA broadly preempts state law claims that relate to ERISA-governed plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987).

15. In this action, Plaintiffs seek the death benefits provided under a benefit plan they allege to be governed by and subject to ERISA, which addresses areas of exclusive federal concern. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) (stating that a claim for disability benefits under an ERISA plan "is necessarily federal in character by virtue of the clearly manifested intent of Congress" and, therefore, "[a]rises under the . . . laws . . . of the United States, and is removable to federal court by the defendants.") (quoting 28 U.S.C. § 1331; 28 U.S.C. § 1441(b)).

16. Specifically, Plaintiffs allege that El Paso Community College ("EPCC") and VRIAC "entered into a Contract for Retirement Benefits" in 1980. Second Amended Petition, ¶ 8. The acknowledge that EPCC is the owner of the annuities that comprise the benefit plan at issue. *Id*.

17. EPCC is a political subdivision of the State of Texas. *City of El Paso v. El Paso Community Coll. Dist.,* 729 S.W.2d 296, 298 (Tex. 1986). See also *Guaranty. Petroleum Corp v. Armstrong,* 609 S.W.2d 529, 531 (Tex. 1980), listing the attributes of a political subdivision, and Texas Education Code §130.178, designating the service area of the District. As a political subdivision of the State, the District is a governmental unit. TEX CIV. PRAC. & REM. CODE §101.001 (3).

18. Title I of ERISA specifically removes from its coverage any employee benefit plan that qualifies as a government plan. 29 U.S.C. § 1003(b). Under ERISA, a government plan means any plan established or maintained by the federal government, a state government or political subdivision, or by any agency or instrumentality of any of the foregoing. 29 U.S.C. § 1002(32).

19. A final adjudication of this matter will require a court to determine whether and to what extent ERISA applies to the annuities and benefit plan at issue. It will specifically require a judicial determination of whether and to what extent ERISA's "government plan" exception applies here. This is a fundamental issue of federal law.

20. This case is not subject to remand to state probate court. Plaintiffs' pleadings do not allege a proper basis for a probate court to maintain jurisdiction over this matter. The disputes in this case concern the disposition of funds from annuities. Section 111.052 of the Texas Estates Code provides that "any provision in an insurance policy…retirement account, deferred compensation arrangement, [or] account with a financial institution" is "**nontestamentary**." TEX. ESTATES CODE § 111.052(a)(1); (b) (emphasis added). As such, any will provision that purports to devise nontestamentary property is void. *Id.* As such, Plaintiffs

claims are not authorized by either Sections 37.003 or 37.004 to maintain their claims in probate court.

21. Moreover, Plaintiffs' claims are not subject to the "probate exception" to federal jurisdiction. As described by the Supreme Court in *Marshall v. Marshall,* 547 U.S. 293, 299 (2006):

> the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id.* at 311–12. The Fifth Circuit has interpreted the Supreme Court's holding in *Marshall* to require a two-step inquiry "into (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume in rem jurisdiction over that property." *Curtis v. Brunsting,* 704 F.3d 406, 409 (5th Cir. 2013). "If the answer to both inquiries is yes, then the probate exception precludes the federal district court from exercising diversity jurisdiction." *Id.*

22. The answer to both inquiries here is, "no." The probate court has never assumed custody of the disputed funds or annuities. Indeed, Plaintiffs have opposed all of VRIAC's efforts to deposit those funds to the probate court to date. As such, this Court would not have to assume *in rem* jurisdiction over property that is currently held by the probate court. Because the annuities at issue are non-testamentary, they are not subject to probate proceedings. This case will therefore not interfere with the probate court's activities. The "probate exception" does not apply here, and cannot operate to defeat federal jurisdiction over this case.

### III.   VENUE

23. Venue lies in the Western District of Texas, El Paso Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiffs initiated this matter in this judicial district and division.

### IV.   NOTICE

24. VRIAC will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).

25. VRIAC will also file with the clerk of the state court, and will serve upon all counsel of record, a notice of the filing of this Notice of Removal.

### V.   JURY DEMAND

26. Plaintiffs demanded a jury trial in their Second Amended Petition.

### VI.   STATE COURT PLEADINGS

27. Copies of all state court pleadings and orders are attached to this Notice of Removal:

Exhibit 1:    Plaintiffs' Original Petition dated September 18, 2014;

Exhibit 2:    Citation issued to VRIAC, dated October 2, 2014;

Exhibit 3:    Citation issued to Martinez, dated October 1, 2014;

Exhibit 4:    Martinez's Special Exceptions, Original Answer and Request for Disclosure, dated October 17, 2014;

Exhibit 5:    VRIAC's Original Answer and Crossclaim and Counterclaim in Interpleader, dated October 27, 2014;

Exhibit 6:    Graham-Casey's Original Answer to VRIAC's Cross-Claim, dated November 10, 2014;

Exhibit 7:    Graham-Casey's Original Answer to Plaintiffs' Original Petition, dated November 11, 2014;

Exhibit 8:    Citation issued to Martinez, dated January 16, 2015;

Exhibit 9: Martinez's Original Answer to VRIAC's Counterclaim; dated February 2, 2015;

Exhibit 10: Order of Recusal, dated January 10, 2018;

Exhibit 11: Plaintiffs' First Amended Petition, dated September 25, 2018;

Exhibit 12: Graham-Casey's First Amended Original Answer to VRIAC's Cross-Claim, dated October 26, 2018.

Exhibit 13: Plaintiffs' Second Amended Petition (styled, "Original Petition Against Voya Retirement and Annuity Company, f/k/a ING Life Insurance and Annuity Company for Breach of Contract and Negligent Misrepresentation"), dated December 10, 2018.

Exhibit 14: Citation issued to VRIAC, dated December 12, 2018;

Exhibit 15: Service of Process Transmittal, dated December 18, 2018.

Exhibit 16: VRIAC's Answer to Second Amended Petition, dated January 2, 2019.

## VII.     CONCLUSION

WHEREFORE, VRIAC, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from El Paso County, Texas Probate Court No. 2 to this Court.

Dated: January 3, 2019.

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: /s/ *Jason A. Richardson*
    Jason A. Richardson
    State Bar No. 24056206
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  (713) 337-5580
Facsimile:  (713) 337-8850
jason.richardson@mhllp.com
***Attorneys for Voya Retirement Insurance and Annuity Company***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on January 3, 2019, by US Mail on the following counsel of record:

Darron Powell
Darron Powell, PLLC
1517 N. Campbell St.
El Paso, Texas 79902
XVDLP@yahoo.com
*Attorney for Petitioners/Counter-Defendants Leo Roland Turner, Ailene Turner, and Lawrence Milbourn, Jr.*

Joseph L. Hood, Jr.
Windle Hood Norton Brittain & Jay, LLP
201 E. Main Drive, Ste. 1350
El Paso, TX 79901
Hood@windlehood.com
*Attorneys for Respondent/Cross-Defendant Erika Gonzalez Martinez*

James Kirby Read
James Kirby Read Law Office
615 E. Schuster, Bldg. 6
El Paso, Texas 79902
jkread@msn.com
*Attorney for Respondent/Cross-Defendant Pat Graham-Casey, in her capacity as Independent Administratix of the Estate of Lawrence Edmund Milbourn*

                                                  /s/Jason A. Richardson
                                                  Jason A. Richardson