IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEO ROLAND TURNER, AILENE TURNER, and, LAWRENCE MILBOURN, JR., <br><br>  Plaintiffs, <br><br> v. <br><br> VOYA RETIREMENT INSURANCE AND ANNUITY COMPANY, ERIKA GONZALEZ-MARTINEZ, and PAT GRAHAM-CASEY, as Administratrix of the Estate of Lawrence Edmund Milbourn, <br><br>  Defendants. | § § § § § § § § § § § § § § § § § | Case No. 3:19-CV-00001 |

## **PLAINTIFFS' MOTION TO REMAND AND RESPONSE TO NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW,** LEO ROLAND TURNER, AILENE TURNER, and LAWRENCE MILBOURN, JR., Plaintiffs, and file this Motion to Remand pursuant to 28 U.S.C. § 1447(c), and would respectfully show this Court as follows:

## I.
## PROCEDURAL HISTORY

1. This matter is an ancillary action filed in connection with a probate proceeding initiated in El Paso County Probate Court No. 1, El Paso County, Texas, styled *In the Estate of Lawrence Milbourn, Deceased*, Case No. 2014-CPR00668 (the "Probate Action"). This case was initiated in state court on March 7, 2014.

2. On September 18, 2014, LEO ROLAND TURNER, AILENE TURNER, and LAWRENCE MILBOURN, JR. ("Plaintiffs") filed their "Original Petition for Declaratory Judgment Declaring the Ownership of the Decedent's ING Retirement Accounts" in the Probate Action against the Administratrix, PAT GRAHAM-CASEY, and ERIKA GONZALEZ-MARTINEZ, and VRIAC, asking the Probate Court to declare Plaintiffs owners of Decedent's death benefits.

3. On October 17, 2014, ERIKA GONZALEZ-MARTINEZ and PAT GRAHAM-CASEY appeared and filed an Answer to Plaintiff's Original Petition.

4. On October 27, 2014, VRIAC appeared and filed an Answer to Plaintiff's Original Petition on October 27, 2014. In that Answer, VRIAC asserted a Counterclaim and Cross-Claim in Interpleader against Plaintiffs, ERIKA GONZALEZ-MARTINEZ, and PAT GRAHAM-CASEY. As set forth therein, VRIAC invoked the jurisdiction of the Probate Court by offering to tender the disputed annuity benefits to the Probate Court and by seeking discharge from the Probate Action in state court.

5. On September 25, 2018, Plaintiffs filed their "First Amended Petition for Declaratory Judgment Declaring the Ownership of the Decedent's VRIAC Retirement Accounts." The First Amended Petition included a single claim for declaratory relief against VRIAC, alleged designated beneficiary, ERIKA GONZALEZ-MARTINEZ, and PAT GRAHAM-CASEY, administratrix.

6. On December 12, 2018, Plaintiffs filed their "Original Petition Against Voya Retirement Insurance and Annuity Company, f/k/a ING Life Insurance and Annuity Company for Breach of Contract and Negligent Misrepresentation." This Petition asserts additional state claims for breach of contract, negligent misrepresentation, and rescission against VRIAC. Plaintiffs served VRIAC with a citation and a copy of this Petition on December 18, 2018.

7. On January 3, 2019, VRIAC filed a Notice of Removal in United States District Court.

## II.
## CLAIMS IN PROBATE COURT (STATE COURT)

8. On July 7, 1980, Defendant and EPCC ("El Paso Community College") entered into a valid and enforceable Contract. The Contract provided that EPCC would pay Defendant for a group Non-ERISA annuity, and Defendant would pay the Participant once the Non-ERISA annuity matured. Plaintiffs have standing to sue because Plaintiffs are third-party beneficiaries of the Contract as devisees of the Participant-Decedent's last Will, which devises the annuity to Plaintiffs. This is just another basis for keeping this action in Probate Court (state court).

9. EPCC fully performed its contractual obligations by tendering Participant-Decedent's deferred salary and its own contributions to the annuity accounts held by Defendant.

10. All conditions precedent to Plaintiffs' claims for relief have been performed and have

occurred when EPCC tendered Participant-Decedent's deferred salary and its own contributions to the annuity accounts held by Defendant.

11. Defendant, VRIAC materially breached the Contract by executing a non-ERISA Contract but negligently executing ERISA forms, thereby appearing to grant ERISA protection to Participant-Decedent.

12. Defendant, VRIAC's material breach affects the essence of the Contract, thus causing injury to Plaintiffs.

13. Plaintiffs seek rescission of the Contract (contract numbers VT1706 and VT2503) and damages in the amount of the full and current monetary value of the Death Benefits and any accrued prejudgment interest. Plaintiffs also seek reasonable and necessary Attorney's Fees for Breach of Contract under Chapter 38 of the Texas Civil Practice and Remedies Code.

14. By negligently executing ERISA forms for a Non-ERISA annuity plan, Defendant, VRIAC represented ERISA protection to Participant-Decedent.

15. Defendant, VRIAC's representation was a misstatement of fact. The written Contract provided ERISA protection, but the annuity plan was Non-ERISA.

16. Defendant, VRIAC did not exercise reasonable care in communicating that the Contract was in fact for a Non-ERISA annuity plan, contrary to the terms in the Contract. In addition, the Defendant did not exercise reasonable care when it negligently executed ERISA forms for what appeared to be a Non-ERISA annuity plan.

17. Plaintiffs, as third-party beneficiaries of Participant-Decedent's Death Benefits, justifiably relied on Defendant, VRIAC's misrepresentation of ERISA protection when they invoked ERISA protection to prevent beneficiary designations without the Spousal Consent Form required by Defendant's own Contract.

## III.
## ARGUMENTS & AUTHORITIES

### A. Defendant ERIKA GONZALEZ-MARTINEZ has not joined or consented to removal and Defendant PAT GRAHAM-CASEY refuses to consent to removal.

"When a civil action is removed solely under Section 1441(a) [Removal of Civil Actions], all defendants who have been properly joined and served **must** join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). If one of the Defendants refuses to

consent, the removal is procedurally defective, and the case should be remanded. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992).

In this case, Defendant, VRIAC, filed its Notice of Removal on January 3, 2019. In the Notice of Removal, VRIAC includes ERIKA GONZALEZ-MARTINEZ and PAT GRAHAM-CASEY as Defendants, because Plaintiffs' September 25, 2018 Petition asserts claims against ERIKA GONZALEZ-MARTINEZ and PAT GRAHAM-CASEY. To date, Defendant ERIKA GONZALEZ-MARTINEZ has not joined or consented to VRIAC's removal in violation of § 1446(b)(2)(A). Further, Defendant PAT GRAHAM-CASEY refuses to consent to removal. (see Exhibit "A," attached hereto). Because Defendant PAT GRAHAM-CASEY refuses consenting to VRIAC's removal, this Honorable Court cannot hear this matter.

### B. This matter does not "arise under" federal law and the federal court lacks subject matter jurisdiction.

The courts strictly construe the removal statute in favor of remand and against removal. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). Any doubt about the propriety of removal is construed against removal. *Bosky v. Kroger Texas, LP.*, 288 F.3d 208, 211 (5th Cir. 2002). If the Defendant removes a case from state court to federal court on grounds of federal-question jurisdiction and the case does not "arise under" federal law, the federal court must remand the case to the state court where the case was filed. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). A case does not "arise under" federal law if (1) the claim does not raise a contested federal issue or (2) the issue is not actually disputed and substantial. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005).

Defendant, VRIAC, mistakenly claims that this Court has predominate, federal-question jurisdiction under the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") because Plaintiffs are not requesting interpretation of the Contract on ERISA standards. Plaintiffs asserted that the Contract provided that EPCC would pay VRIAC for a group Non-ERISA annuity, and VRIAC would pay the Decedent once the Non-ERISA annuity matured. Further, Plaintiffs asserted that VRIAC materially breached the Contract by completing and executing a Non-ERISA Contract but negligently using and executing ERISA forms in a Non-ERISA transaction, thereby appearing to grant ERISA protection to Decedent. The ERISA Contract required VRIAC, by its own Terms and Conditions, to execute a Spousal Consent Form, which VRIAC failed to do. Thus, state law predominates and the claims against VRIAC for Breach

of Contract, Negligent Misrepresentation, and Rescission do not involve a **disputed or substantial** federal question; rather, the question is one of interpretation of a contract involving a Non-ERISA annuity. Consequently, the federal court lacks subject matter jurisdiction.

### C. VRIAC purposefully availed itself to the jurisdiction of the Probate Court when it requested affirmative relief in the form of an Interpleader.

If a Defendant has the right to remove but proceeds to defend the suit in state court, Defendant may waive its right to remove. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). The Defendant may also waive its right to remove if the Defendant seeks injunctive relief in state court. *Id., Zbranek v. HofHeinz*, 727 F.Supp. 324, 325 (E.D. Tex. 1989). A defendant cannot "experiment with rulings in the state court and then remove the case if it does not like the result. *Alley v. Nott*, 111 U.S. 472, 476 (1884). If the Defendant seeks a disposition on the merits of the case in state court, Defendant may be held to have waived its rights. *Johnson v. Heublein, Inc.*, 227 F.3d 236, 244 (5th Cir. 2000).

Here, VRIAC appeared and filed an Answer to Plaintiff's Original Petition on October 27, 2014. In the same Pleading, VRIAC asserted a Counterclaim and Cross-Claim in Interpleader against Plaintiffs, and Defendants, ERIKA GONZALEZ MARTINEZ and PAT GRAHAM-CASEY. As set forth therein, VRIAC sought a disposition on the merits of the case by seeking discharge from the Probate Court in state court. The Interpleader filed by VRIAC was an attempt to escape its culpability of negligently executing an ERISA Contract for a Non-ERISA transaction. VRIAC sought affirmative relief from the Probate Court in the form of an Interpleader, thereby waiving its rights of removal. VRIAC cannot now escape the jurisdiction of the Probate Court after purposefully availing itself by requesting affirmative relief from the Probate Court in state court. Clearly, this case should be remanded to state court.

## IV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** LEO ROLAND TURNER, AILENE TURNER, and LAWRENCE MILBOURN, JR., Plaintiffs, respectfully request that this Court remand the case to the state court where the case was filed, and where Defendant, VRIAC has sought affirmative relief, and for any other relief, in law or in equity, general or special, that Plaintiffs would show themselves justly entitled.

DATED:     February 4, 2019

Respectfully submitted,

William A. Elias
1100 Montana Avenue, Suite 102
El Paso, Texas 79902
Telephone (915) 532-1907
Facsimile (915) 532-5153

By: /s/ William A. Elias
William A. Elias
State Bar No. 06517000
Attorney for Plaintiffs

Darron Powell PLLC
1517 N. Campbell St.
El Paso, Texas 79902
(915) 313-0081
(915) 313-0091 FAX

By: /s/ Darron Powell
Darron Powell
State Bar No. 24027632
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was sent **via e-service to Mr. Jason A. Richardson**, Attorney for Voya Retirement Insurance and Annuity Company, **Mr. Joseph L. Hood**, Attorney for Erika Gonzalez Martinez, and **Mr. James Kirby Read**, Attorney for Pat Graham-Casey, administratrix on this 4th day of February, 2019.

/s/ William A. Elias

WILLIAM A. ELIAS

No. 2014-CPR00668-A

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| LAWRENCE EDMUND MILBOURN, | § | NO. 2 |
| | § | |
| DECEASED. | § | EL PASO COUNTY, TEXAS |

## AFFIDAVIT

STATE OF TEXAS )

COUNTY OF EL PASO )

BEFORE ME, the undersigned authority personally appeared, **JAMES KIRBY READ**, who after being duly sworn, deposes upon his oath and says as follows:

1) "My name is **JAMES KIRBY READ**. I am over the age of eighteen (18) years, under no disabilities and am fully competent to make this Affidavit.

2) I am licensed to practice law in the States of Texas and New Mexico, and my licenses are currently active and in good standing. I have practiced law for over fifty (50) years in the State of Texas; My State Bar No. is 16625000.

3) I currently have Law Offices located at 615 E. Schuster, Bldg. 6, El Paso, Texas 79902 and my office phone number is (915) 533-3697.

4) I am the Attorney of Record, for PAT GRAHAM-CASEY, Administratrix of the Estate of LAWRENCE MILBOURN, SR. in the above-captioned Probate Cause.

5) I have read the Notice of Removal filed by VRIAC in Federal Court and discussed it with the Estate's Administratrix, PAT GRAHAM-CASEY. The Administratrix does **not** consent to the removal to Federal Court, and wants this matter to continue in State Court (Probate Court), where the case has been for almost five (5) years.



6) I have read all of the foregoing statements. All of these statements are within my personal knowledge and are true and correct.

FURTHER AFFIANT SAYETH NOT.

SIGNED on this 4th day of February, 2019.

*JAMES KIRBY READ*

SUBSCRIBED AND SWORN TO before me on this 4th day of February, 2019.

*LYDIA GARCIA GUERRERO*
Notary Public, State of Texas
Comm. Expires 12-28-2021
Notary ID 6437091

NOTARY PUBLIC in and for State of Texas