UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEO ROLAND TURNER, AILENE TURNER, and LAWRENCE MILBOURN, JR., <br><br>*Plaintiffs,* <br><br>v. <br><br>VOYA RETIREMENT INSURANCE AND ANNUITY COMPANY, ERIKA GONZALEZ MARTINEZ, and PAT GRAHAM-CASEY, *as Administratrix of the Estate of Lawrence Edmund Milbourn,* <br><br>*Defendants.* | EP-19-CV-00001-DCG |

## MEMORANDUM ORDER

Presently before the Court is Plaintiffs Leo Roland Turner, Ailene Turner, and Lawrence Milbourn, Jr.'s "Motion to Remand" (ECF No. 3) filed on February 4, 2019. Therein, Plaintiffs request that the Court remand the case back to the state court where it was filed. Mot. at 5. Defendants removed the instant case on the grounds that federal question jurisdiction, under 28 U.S.C. § 1331, applies because Plaintiffs' claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Not. Removal at 4–6, ECF No. 1. For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion.

A defendant may remove a civil action filed in a state court to a federal district court if the latter court has subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). However, once the case is removed, the district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Further, "[a]ny ambiguities are construed against removal because the removal statute should be strictly

construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002). This is so because, "[a]s 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.'" *Gasch v. Hartford Accident & Indent. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995)). Federal courts "must not trespass upon the judicial 'turf' of the state courts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. Unit A, Dec. 1981).

Plaintiffs advance three arguments in favor of remand: 1) the Court lacks subject matter jurisdiction because this matter does not arise under federal law, 2) removal is defective because Defendant Pat Graham-Casey did not consent to removal, and 3) Defendant Voya Retirement Insurance and Annuity Company ("Voya") waived its right to remove. Mot. at 3–5. Voya counters that removal is proper because Plaintiffs' claims will require the Court to resolve substantial issues of federal law, consent from the other Defendants is unnecessary because Voya is the sole defendant in the Petition, and Voya did not waive its right to removal. Resp. at 3–10, ECF No. 4. The Court need not address Plaintiffs' allegations that Voya waived removal or that removal is defective because the Court holds that it lacks subject matter jurisdiction over this dispute.

"ERISA federally regulates employee benefit plans." *Fraire v. Budget Rent-A-Car of El Paso, Inc.*, No. EP-10-CV-338-PRM, 2011 WL 3678584, at *3 (W.D. Tex. Mar. 31, 2011). Section 514(a) states that ERISA "supersedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [covered by ERISA]." 29 U.S.C. § 1144(a). That preemption clause has been interpreted to be deliberately expansive to establish ERISA-covered plans as exclusively a federal concern. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 138

(1990). Thus, the predominant preemption consideration is whether the state law relied upon in the complaint relates to an ERISA-covered plan. *Id.*

Consequently, the Court's first inquiry must be whether the plan in the instant case constitutes a qualified ERISA plan. *See Fraire*, 2011 WL 3678584 at *3. In their Complaint, Plaintiffs allege two claims against Voya: 1) breach of contract and 2) negligent misrepresentation. Not. Removal, Ex. 13 at 3–4. In pleading their breach of contract claim, Plaintiffs specify in relevant part:

> On July 7, 1980, Defendant and EPCC entered into a valid and enforceable Contract. The Contract provided that EPCC would pay Defendant for a group *Non-ERISA annuity*, and Defendant would pay the Participant once the *Non-ERISA annuity* matured.
> . . .
> Defendant materially breached the Contract by completing and executing a *non-ERISA Contract* but negligently using and executing ERISA forms in a *Non-ERISA transaction*, thereby appearing to grant ERISA protection to Participant/Decedent, which requires the [use] of a Spousal Consent Form.

*Id.* (emphasis added). Further, for the negligent misrepresentation claim, Plaintiffs state in relevant part: "By negligently executing ERISA forms for a *Non-ERISA annuity plan*, Defendant represented ERISA protection to Participant/Decedent. Defendant's representation was a misstatement of fact. The written Contract provided for ERISA protection, but *the annuity plan was Non-ERISA*." *Id.* at 4 (emphasis added). Thus, it is clear Plaintiffs allege the plan at issue in this matter is not a qualified ERISA plan. This is significant because Voya makes the same argument. In its Response, Voya argues that ERISA's "government plan" exception applies, and it explicitly "disputes" that ERISA covers the plan at issue in this case.[1] Resp. at 7–8. The

---

[1] Voya characterizes Plaintiffs' breach of contract claim as alleging that ERISA applies to this matter. Resp. at 6. The Court disagrees with such a characterization. The Court interprets Plaintiffs' breach of contract claim as arguing that Voya must abide by the terms of its contract. Plaintiffs are alleging that Voya negligently used ERISA forms for a non-ERISA transaction. Not. Removal, Ex. 13 at 4. Thus, Plaintiffs' contention is if Voya used ERISA forms, then it must comply with the requirements its own contract imposes, despite this being a non-ERISA transaction. Mot. at 4–5. In that case, the

current state of the law in the Fifth Circuit is "[w]here federal subject matter jurisdiction is based on ERISA, but the evidence fails to establish the existence of an ERISA plan, the claim must be dismissed for lack of subject matter jurisdiction." *Cantrell v. Briggs & Veselka Co.*, 728 F.3d 444, 452 (5th Cir. 2013). The parties agree that the plan at issue is not an ERISA plan. Accordingly, the Court lacks subject matter jurisdiction over Plaintiffs' claims.

Accordingly, **IT IS ORDERED** that Plaintiffs Leo Roland Turner, Ailene Turner, and Lawrence Milbourn, Jr.'s "Motion to Remand" (ECF No. 3) is **GRANTED**.

**IT IS THEREFORE ORDERED** that the instant action is **REMANDED** to El Paso Probate Court No. 2, sitting in El Paso County, Texas.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **MAIL** a certified copy of this Order to the County Clerk of El Paso County, Texas.

**IT IS MOREOVER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **CLOSE** this case.

So ORDERED and SIGNED this _1st_ day of March 2019.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

claim does not raise a federal issue because the dispute is over the interpretation of a contract, not whether federal law applies.